## Commonwealth v. Davis

F. C. Gross, district attorney, for plaintiff; William Hollis, for defendant.

BAIRD, P. J., June 9, 1933.—The defendant, William L. Davis, having been arrested and taken before a magistrate for violation of section 903 (a) of The Vehicle Code of 1929, as amended by the Act of June 22, 1931, P. L. 751, waived a hearing and gave bail for his appearance in this court for trial, where a trial was had.

The offense charged consists in having on January 13, 1933, on a public highway in this county, operated a commercial motor vehicle, class U, to wit, a Dodge truck, bearing Pennsylvania license number U17,956, having a gross weight of 14,625 pounds, the maximum gross weight for such a truck being limited to 13,000 pounds.

The evidence satisfies us of the defendant's guilt. The patrolman who made the arrest testified to having weighed the truck on a stationary scale and positively fixed the weight at 14,625 pounds, and he was corroborated by another person, who either witnessed the weighing or weighed the truck himself, and who was equally positive of the said weight.

Neither the defendant himself nor any of his three witnesses testified definitely to the gross weight of the truck, and only one of them said what he thought it weighed. He said: "I think it was 13,000 pounds." None of them testified to the net weight of the truck.

At the trial defendant's counsel moved to strike out the testimony of the Commonwealth's witnesses for the reason that the patrolman required the defendant to drive to stationary scales which were not nearest the place of his arrest, as permitted by section 904 of the code. The scales to which the defendant was required to drive and the scales to which he might have driven were less than 500 yards apart, and the patrolman did not know at the time and was not informed by the defendant of the nearer scales. We regard this portion of the code as directory merely and not mandatory, and under the circumstances the failure of the patrolman to observe it was excusable. However, even though evidence of the defendant's guilt may have been unlawfully obtained, he would not for that reason be entitled to an acquittal. See numerous liquor cases.

There is no question of jurisdiction involved here, as there would be if the information had not been made before the magistrate nearest the place where the violation occurred, or the magistrate within the township where the viola-

tion occurred. This may be what the defendant's counsel had in mind when he moved to strike out.

Now, June 9, 1933, after trial, the defendant is adjudged guilty of having on January 13, 1933, on a public highway in this county, unlawfully operated a commercial motor vehicle, class U, of the gross weight of 14,625 pounds, contrary to the provisions of section 903 of The Vehicle Code of 1929, as amended, and he is hereby sentenced to pay a fine of $50 and costs of prosecution, and, in default of the payment thereof, to undergo imprisonment in the common jail of Clinton County for 10 days.          From W. E. Shaffer, Lock Haven, Pa.